**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| RONALD MCLEOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COSTCO WHOLESALE | ) Case No. _____ |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S
NOTICE OF REMOVAL**

Defendant COSTCO WHOLESALE CORPORATION, by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of Case No. SUV2021001511 pending in the Superior Court of Coweta County, State of Georgia.  In support of this Notice of Removal, Costco states the following:

**BACKGROUND**

1. On December 15, 2021, Plaintiff Ronald McLeod filed a Complaint in the Superior Court of Coweta County, State of Georgia, captioned *Ronald McLeod v. Costco Wholesale Corporation and John Does 1-10*, Case No. SUV2021001511

(the "State Court Action").  A true and correct copy of this Complaint is attached hereto as Exhibit A.[1]

2.      In the Complaint, Plaintiff asserted claims against Costco and fictitious John Doe defendants for fraudulent and negligent misrepresentation, breach of contract, misappropriation and conversion, quantum meruit, and promissory estoppel.  (Compl. ¶¶ 23-79.)  Plaintiff also asserted separate causes of action for punitive damages and attorney's fees.  (*Id.* ¶¶ 80-86.)  Plaintiff's claims arise out of an "automated meat ordering system[]" that he allegedly developed and introduced to Costco.  (*Id.* ¶¶ 5-22.)

3.      On January 12, 2022, Plaintiff filed an Amended Complaint in the State Court Action.  Costco was served with Summons, a copy of the Amended Complaint, and a Sherriff's Entry of Service on January 14, 2022.  These documents are attached hereto as Exhibit B and constitute "all processes, pleadings, and orders" served upon Costco in the State Court Action.  28 U.S.C. § 1446(a).

---

[1] Although Plaintiff did not serve Costco with a copy of the original Complaint, Costco obtained a copy from the Superior Court of Coweta County's online docket.  The Court may take judicial notice of this document.  *See New W. End Apartments v. Riley*, No. 114CV01026WBHLTW, 2014 WL 12861125, at *1 (N.D. Ga. May 23, 2014), *report and recommendation adopted*, No. 1:14-CV-1026-WBH, 2014 WL 12861112 (N.D. Ga. June 26, 2014).

4.    In the Amended Complaint, Plaintiff purports to add several individuals as defendants and continues to assert claims against the fictitious John Doe defendants.   Under Georgia law, adding additional parties to an existing lawsuit requires leave of court.  *See Sargent v. Dep't of Hum. Res.*, 202 Ga. App. 874, 874 (1992) ("In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9–11–15, leave of court must first be sought and obtained pursuant to OCGA § 9–11–21").   And "an amendment to a complaint adding a new party without first obtaining leave of the court is without effect." *Wright v. Safari Club Int'l, Inc.*, 322 Ga. App. 486, 494 (2013).   Plaintiff did not obtain leave in the State Court Action to add additional defendants.[2]

## **TIMELINESS OF REMOVAL**

5.    The Notice of Removal is timely because it has been filed within thirty days of service of the Amended Complaint upon Costco.  *See* 28 U.S.C. § 1446(b).[3]

---

[2] All filings in the State Court Action are publicly available on the Superior Court of Coweta County's Web Docket, available at https://sccweb.coweta.ga.us/judgescmwebsearch/login.aspx.  The Court can take judicial notice of state court filings and docket entries. *McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014).

[3] Thirty days after January 14, 2022 is February 13, 2022, which is a Sunday. Thus, the removal period was extended to February 14, 2022.  Fed. R. Civ. P. 6(a)(1)(C).

## DIVERSITY JURISDICTION

6.      This action is removable under 28 U.S.C. § 1441 because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The requirements of 28 U.S.C. § 1332(a)(1) have been met because there is complete diversity of citizenship between Plaintiff and Costco, and the amount in controversy exceeds $75,000.

### A. Plaintiff Is a Georgia Citizen

7.      Plaintiff alleges in his Amended Complaint that he "is a citizen and resident of the State of Georgia at all times relevant to the present action." (Am. Compl. ¶ 1.)  Plaintiff made the same allegation in his original Complaint. (Compl. ¶ 1.) Thus, by Plaintiff's own admission, he is, and at all times was, a citizen of Georgia for purposes of diversity jurisdiction.

### B. Costco Is Not a Georgia Citizen

8.      For diversity purposes, "[a] corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. *McConico v. Cochran Firm*, 581 F. App'x 838 (11th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1)).  Costco is, and at the time of the filing of the State Court Action was, a Washington corporation with its principal place of business in the State of

Washington as alleged in the Amended Complaint.  (Am. Compl. ¶ 2.; *see also* Declaration of Brenda Weber ["Weber Dec."] ¶ 2.)

9.     In *The Hertz Corp. v. Friend*, the United States Supreme Court held that a corporation's "principal place of business" is its "nerve center"—*i.e.*, "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  559 U.S. 77, 92-93 (2010).  Generally, a corporation's nerve center is "the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

10.    Costco's "nerve center" is in the State of Washington because Issaquah, Washington is the site of Costco's corporate headquarters and executive offices, where Costco's high-level officers direct, control, and coordinate Costco's activities.  (Weber Dec., ¶ 2.) Accordingly, Costco is a citizen of the State of Washington for diversity purposes.

## C. The Individual Defendants' Citizenship Is Irrelevant

11.    The citizenship of the individuals that Plaintiff purported to add to his Amended Complaint as defendants should not be considered for several reasons.

12.    First, Georgia courts have repeatedly "held that leave of court is required whenever an amended complaint adds a new party defendant."  *Preferred*

*Women's Healthcare, LLC v. Sain*, 348 Ga. App. 481, 487 (2019).  Any attempt to unilaterally "add[] . . . new part[ies] without first obtaining leave of the court is without effect."  *Wright*, 322 Ga. App. at 494.  Plaintiff did not obtain leave of court to add the individuals named in his Amended Complaint as defendants.  Thus, the citizenship of those individuals is irrelevant to diversity jurisdiction.  *See Campbell v. Quixtar, Inc.*, No. CIV.A. 208CV0044-RWS, 2008 WL 2477448, at *4 (N.D. Ga. June 16, 2008) (finding plaintiff's attempt to add non-diverse defendant to Georgia state court action without leave of court ineffective and insufficient to defeat diversity jurisdiction).

13.    Even if Plaintiff's amendment were effective, the individual defendants' citizenship should be disregarded under the fraudulent joinder doctrine.  That doctrine provides that "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court."  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  Joinder of a defendant is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against" that defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

14.    Plaintiff's Amended Complaint lacks any allegation of wrongdoing by the individual defendants.  Indeed, the only mention of these individuals is in the introductory paragraph, where Plaintiff purports to add the individuals "as named party Defendants."  There are no allegations to show who these individuals are, what they did, or how they relate to the disputes at issue in this litigation.  (*See generally* Am. Compl.) Without alleging these basic facts, Plaintiff cannot possibly prove a cause of action against the individual defendants, and his attempt to join them to the State Court Action was merely an effort to defeat diversity jurisdiction.

15.    Courts in this district have found fraudulent joinder under these exact circumstances.  For example, in *Baker v. Select Portfolio Servicing, Inc.*, the plaintiff did not allege "any specific factual basis for the claims against the defendants and [did] not mention the defendants individually in the complaint." *Baker v. Select Portfolio Servicing, Inc.*, No. 1:12-CV-03493-JEC, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013).  The court rejected the "possibility that the plaintiff could maintain a cause of action against defendants who are not even mentioned in the body of the Complaint" and found that the defendants were fraudulently joined.  *Id.*  Similarly, in *Lewis v. PNC Bank, N.A.*, the court found fraudulent joinder where the plaintiff failed to "allege how [the defendant] specifically committed any wrongdoing against him." No. 2:13-CV-69-RWS, 2013

WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013).  Courts in other districts have reached the same conclusion.  *See Galler v. 21st Mortg. Corp.*, No. 3:14CV174-MCR/EMT, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (finding fraudulent joinder where the complaint "include[d] no allegations of fact at all regarding" the non-diverse defendant); *City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "[o]nly two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing by" him).

**D. The Citizenship of the Fictitious John Doe Defendants Is Irrelevant**

16.    Under 28 U.S.C. Section 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.  Thus, the existence of the fictitious John Doe defendants does not deprive this Court of jurisdiction.

17.    Disregarding the citizenship of the John Does and the individual defendants, there is complete diversity between Plaintiff, a Georgia citizen, and Costco, a Washington citizen.

**E. Amount in Controversy**

18.    The United States Supreme Court has explained that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy

allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).    If "a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)).

19.    While Costco denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (applying preponderance of the evidence standard).

20.    Importantly, Costco "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Indeed, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  *Roe*, 613 F.3d at 1062 (quoting *Pretka*, 608 F.3d at 754.)

21.     Here, Plaintiff alleges that he developed an "automated meat ordering system[]" before he was a Costco employee, and that Costco implemented his system in November 2019.  (Am. Compl. ¶¶ 6, 11, 17.)  According to Plaintiff, Costco represented that he would receive "monetary compensation and rewards related to the performance of" that system.  (*Id.* ¶ 14 .)  Plaintiff claims that, at the time Costco implemented his system, it was experiencing "approximately $230,000" in ongoing inventory losses.  (*Id.* ¶ 18.)  Plaintiff claims that these losses were converted to profits as a direct result of his system, and that Costco "derived further substantial inventory profits" by using Plaintiff's system in other locations.  (*Id.* ¶¶ 19-20.)

22.     To determine the amount in controversy, the Court should consider "the[se] allegations in light of the particular causes of action chosen by the plaintiff."  *Roe*, 613 F.3d at 1065.  For example, Plaintiff asserts a quantum meruit claim, and the measurement of damages for such a claim "is based upon the benefit conferred upon the recipient."  *Hollifield v. Monte Vista Biblical Gardens, Inc.*, 251 Ga. App. 124, 131 (2001).  Plaintiff alleges that Costco obtained substantial benefits "[a]s a direct result" of his system.  (Am. Compl. ¶ 19.)  Specifically, Plaintiff claims that his system allowed Costco to convert roughly $230,000 in

inventory losses to "substantial inventory profits." (Am. Compl. ¶¶ 18-20.) Thus, Plaintiff has placed at least that amount at issue in this litigation.

23.    Plaintiff also alleges a cause of action for punitive damages, which "must be considered" when determining the jurisdictional amount in controversy in diversity cases. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). The Court may also consider Plaintiff's demand for attorney's fees under O.C.G.A. § 13-6-11. *Circle Y Constr., Inc. v. WRH Realty Servs., Inc.*, No. 1:08-CV-1010-TCB, 2008 WL 11334194, at *1 (N.D. Ga. Nov. 13, 2008). Although Costco denies that Plaintiff is entitled to these or any other damages, "[t]he amount in controversy is not proof of the amount the plaintiff will recover." *Pretka*, 608 F.3d at 751 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Instead, Plaintiff's allegations and theories of recovery provide "an estimate of the amount that will be put at issue in the course of the litigation." *Id.* Given Plaintiff's allegations, claims, and request for punitive damages and attorney's fees, that amount will exceed $75,000.

24.    Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

## CONSENT

25.   No consent is necessary from the fictitious John Doe defendants because those defendants have not been served.  28 U.S.C. § 1446(b)(2)(A).  No consent is necessary from the individuals named as defendants in Plaintiff's Amended Complaint because those defendants were improperly joined and have not been served.  *See id.*

## VENUE

26.   Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 90(a)(4), this Court embraces the Superior Court of Coweta County, State of Georgia.  Accordingly, this Court is the appropriate venue for removal of this action.  28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND CLERK OF STATE COURT

27.   Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel, and to the Clerk of Court for the Superior Court of Coweta County, State of Georgia, as required by 28 U.S.C. § 1446(d).  A copy of the notice is attached as Exhibit C.

28.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332; therefore, the Court may exercise jurisdiction over this lawsuit.  28 U.S.C. § 1441(a).

29.     The undersigned has read this Notice of Removal, and, to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Costco's factual allegations have evidentiary support, and its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

WHEREFORE, Costco prays that this civil action be removed from the Superior Court of Coweta County, State of Georgia, to the United States District Court for the Northern District of Georgia.

*[Signature of Counsel Appears on the Following Page]*

Respectfully submitted,

COSTCO WHOLESALE
CORPORATION

By: */s/ Lauren M. Gregory*

John T. Murray
Georgia Bar No. 531998
jmurray@seyfarth.com
Lauren M. Gregory
Georgia Bar No. 729061
lgregory@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile:  (404) 892-7056

*Counsel for Defendant Costco
Wholesale Corporation*

Date:  February 14, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RONALD MCLEOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE | ) | Case No. _____ |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 14, 2022, I electronically filed the foregoing

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF

REMOVAL with the Clerk of Court using the CM/ECF system and served a copy

of the same upon all parties to this action via U.S. mail as follows:

JJ Poole
JJ POOLE ATTORNEY AT LAW, LLC
925B Peachtree Street NE #345
Atlanta, Georgia 30309

*/s/   Lauren M. Gregory*
Lauren M. Gregory