# EXHIBIT A

E-filed in Office
Clerk of Superior Court
12/15/2021 11:48 AM
Coweta County, GA
Cindy G. Brown, Clerk
Case Number: SUV2021001511

**IN THE SUPERIOR COURT OF COWETA COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| RONALD MCLEOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | _____ |
| COSTCO WHOLESALE | ) | |
| CORPORATION, and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Ronald McLeod by and through his undersigned counsel and hereby files his Complaint for Damages and Demand for Jury Trial against Defendant Costco Wholesale Corporation and John Does 1-10, showing this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Ronald McLeod (hereinafter, "Plaintiff") is a citizen and resident of the State of Georgia at all times relevant to the present action and submits himself to the jurisdiction of this Court.

2.

Defendant Costco Wholesale Corporation (hereinafter, "Defendant" or "Costco"), is a for-profit foreign corporation principally in the State of Washington. Defendant Costco conducts business in the State of Georgia and may be served with process through its registered agent, to wit: CT Corporation System 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

3.

On information and belief, John Does 1-10 are individuals, principals, officers, agents, and/or employees responsible for the management and operation of Defendant Costco's business at all times relevant herein. The proper identities and capacities of John Does 1-10 are unknown to Plaintiff at this time, but are readily ascertainable to Defendant. Plaintiff will amend this Complaint to provide the proper legal identities of John Does 1-10 once such information has been ascertained

4.

Venue and jurisdiction are proper against Defendant under O.C.G.A. §§ 9-10-91 and 9-10-93 as the events giving rise to Plaintiff's claims arose at the Costco Wholesale Corporation located at 40 Fischer Crossings Drive in Sharpsburg, Coweta County, 30277.

**FACTUAL ALLEGATIONS**

5.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 4 above as if fully set forth herein

6.

In 2002, Plaintiff Ronald McLeod developed a secret and confidential system designed to increase inventory accuracy, increase profits, and manage budgetary expenses associated with the commercial sale of meat and meat-related products (hereinafter, the "System").

7.

Plaintiff's secret invention of his System falls outside the scope of the clause in his employment contract regarding ownership and control of intellectual property.

8.

In March of 2018, Plaintiff was hired as a Meat Supervisor for Costco Wholesale Club

located at 40 Fisher Crossings Drive in Sharpsburg, Coweta County, Georgia.

9.

On or about October 2, 2019, Plaintiff introduced the System to Defendant Costco's Chief Executive Officer, General Managers, and Department Manager, agents and representatives of Costco, John Does 1-10, who commended him and sought to implement his System in order to effect significant increases in Defendant's gross profits.

10.

Costco had not implemented any automated meat ordering systems or programs in Sharpsburg prior to April 2019.

11.

Costco had not implemented any automated meat ordering systems or programs company wide prior to April 2019.

12.

At the time he introduced the System to Defendants, Plaintiff advised said agents and representatives that his development of the System predated his employment with Costco.

13.

Defendant Costco, through its officers, managers, representatives, and/or employees (Defendant Costco's "Agents") represented to Plaintiff that he receives monetary compensation and rewards related to the performance of the System created by Plaintiff prior to his employment with Defendant.

14.

Induced by and relying upon representations of Defendant's Agents, and the authority of Defendant's Agents to extend and communicate such representations, Plaintiff revealed certain

novel secrets, inventions, strategies, and formulas uniquely founded by Plaintiff in the development of the System prior to his employment with Costco.

15.

Incentivized and relying upon Defendants' representations, Plaintiff further devoted time and efforts to implement the System, further revealing his means, methods, and processes for establishing and employing the System, including working with no compensation or pay on scheduled off days to each management his System.

16.

Plaintiff's System was implemented at Defendant Costco's warehouse located at 40 Fischer Crossings Drive in Sharpsburg, Coweta County, 30277 ("Costco Location 1361") in November of 2019.

17.

Prior to initial implementation of the System at Costco Location 1361, Defendant's meat department at Costco Location 1361 experienced ongoing negative inventory losses, starting at approximately -$230,000 at the time of implementation.

18.

As a direct result of the implementation of Plaintiff's System at Costco Location 1361, Defendant has realized regular and ongoing significantly positive inventory profits at Costco Location 1361.

19.

Due to the successful implementation of Plaintiff's System at Costco Location 1361, Costco further implemented the System at other locations, including its operations at 2855 Jordan Court, Alpharetta, Georgia 30004 ("Costco Location 743"), without the consent of Plaintiff, where

it derived further substantial inventory profits, and has continued to expand its implementation of Plaintiff's System throughout its operations.

20.

Despite the successes resulting from implementation of Plaintiff's System, Plaintiff's role with Defendant has remain unchanged and Plaintiff has not received any receive monetary compensation, rewards, or other benefits related to the performance of the System as promised in the considerations presented to Plaintiff by Defendant and its agents.

21.

Additionally, Plaintiff discovered, through the acts and conduct of Costco, that Defendant has converted and appropriated the novel secrets, inventions, strategies, and formulas unique to Plaintiff's System for its benefit, further revealing the secrets, inventions, strategies, and formulas derived by Plaintiff in the development of his System to others without compensating Plaintiff.

22.

Defendant Costco continues to use and benefit from Plaintiff's original and unique ideas, secrets, inventions, strategies, and formulas associated with the use and implementation of Plaintiff's System within its operations, with great success.

## COUNT I
## FRAUDULENT MISREPRESENTATION

23.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 22 above as if fully set forth herein.

24.

Defendant Costco, by and through its representative Agents made false representations to

Plaintiff with the intent to deceive and to induce him into disclosing Plaintiff's original and unique ideas, secrets, inventions, strategies, and formulas associated with the use and implementation of Plaintiff's System.

25.

Defendant Costco knew the promises and representations made to induce Plaintiff to disclose original and unique ideas, secrets, inventions, strategies, and formulas associated with the use and implementation of Plaintiff's System were false and could have avoided injury to the Plaintiff.

26.

Plaintiff reasonably and justifiably relied on the misrepresentations of Defendant Costco as being true, to his detriment by revealing, sharing, implementing, and teaching his System to Costco Management.

27.

Plaintiff further relied, reasonably and with justification, on the assertions provided in Costco's Employee Handbook acknowledging and confirming Plaintiff's ownership rights to creative work and intellectual property created by Plaintiff prior to his employment with Defendant Costco.

28.

Defendant Costco's misrepresentations were material to Plaintiff's agreement to disclose and implement his original and unique ideas, secrets, inventions, strategies, and formulas upon which Plaintiff's System is founded.

29.

Plaintiff would not have disclosed his original and unique ideas, secrets, inventions,

strategies, and formulas to Costco absent the promises and representations of Defendant Costco and its Agents.

30.

Plaintiff would not have implemented his novel System at Costco Warehouse Location 1361 absent the promises and representations of Defendant Costco and its Agents.

31.

Defendant Costco's fraudulent misrepresentations have caused Plaintiff to suffer injuries and damages in an amount to be proven at trial.

32.

In making the material misrepresentations to Plaintiff, Defendant Costco showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, entitling Plaintiff to an award of punitive damages.

## COUNT II
## NEGLIGENT MISREPRESENTATION

33.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 32 above as if fully set forth herein.

34.

Defendant Costco, by and through its representative Agents acted negligently when it supplied false information to Plaintiff in order to induce him into disclosing Plaintiff's original and unique ideas, secrets, inventions, strategies, and formulas associated with the development of Plaintiff's System.

35.

The promises and representations made to induce Plaintiff to disclose original and unique ideas, secrets, inventions, strategies, and formulas associated with the use and implementation of Plaintiff's System were false.

36.

Plaintiff reasonably and justifiably relied on the misrepresentations of Defendant Costco as being true, to his detriment.

37.

Further, Plaintiff detrimentally relied on the assertions provided in Costco's Employee Handbook acknowledging and confirming Plaintiff's ownership rights to creative work and intellectual property created by Plaintiff prior to his employment with Defendant Costco.

38.

Defendant Costco's misrepresentations were material to Plaintiff's agreement to disclose and implement his original and unique ideas, secrets, inventions, strategies, and formulas upon which Plaintiff's System is founded.

39.

Plaintiff would not have disclosed his original and unique ideas, secrets, inventions, strategies, and formulas to Costco absent the promises and representations of Defendant Costco and its Agents.

40.

Plaintiff would not have implemented his novel System at Costco Warehouse Location 1361 absent the promises and representations of Defendant Costco and its Agents.

41.

As a direct and proximate result of Defendant Costco's negligent misrepresentations, Plaintiff has suffered injuries and damages in an amount to be proven at trial.

**COUNT III**
**BREACH OF CONTRACT**

42.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 41 above as if fully set forth herein.

43.

Defendant Costco entered into an oral contract with Plaintiff in which Defendant agreed to the provision of financial compensation and benefits in exchange for Plaintiff's disclosure and implementation of the original and unique ideas, secrets, inventions, strategies, and formulas associated with the implementation and use of Plaintiff's System.

44.

Defendant Costco made an enforceable promise to compensate and reward Plaintiff for the successful performance of the System.

45.

In consideration and reliance on the representations and promises made by Defendant Costco, Plaintiff disclosed his original and unique ideas, secrets, inventions, strategies, and formulas, and assisted with training and implementation of the System

46.

By providing the confidential information and strategies associated with the development and implementation of the System, founded upon the belief, and understanding that Defendant Costco would compensate him, Plaintiff has conferred a substantial benefit upon Defendant Costco.

47.

Plaintiff has performed all conditions precedent prior to bringing this action.

48.

Defendant Costco received the confidential information and strategies associated with Plaintiff's System, using said information and strategies to implement the System at multiple Costco locations (i.e., Locations 1631 and 743).

49.

Accordingly, Defendant Costco has knowledge that Plaintiff provided to Costco a benefit for which Plaintiff is not receiving the promised or represented compensation or benefits.

50.

Defendant Costco retained the benefit of Plaintiff's System and associated confidential information, and has failed to provide the financial compensation and other benefits represented to Plaintiff in material breach of the agreement between Defendant Costco and Plaintiff.

51.

The circumstances of Defendant Costco's breaches are such that it would be inequitable for Defendant Costco to retain the benefit of the contract without paying fair value for said benefits.

52.

As a direct and proximate result of Defendant Costco's material breaches, Plaintiff has suffered injuries and damages in an amount to be proven at trial.

**COUNT IV**
**MISAPPROPRIATION AND CONVERSION OF AN UNPATENTED OR UNPATENTABLE IDEA**

53.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 52 above as if

fully set forth herein.

54.

Plaintiff's original and unique ideas, secrets, inventions, strategies, and formulas associated with the development of the System were novel.

55.

Plaintiff's disclosure of said novel System to Defendant Costco were made in confidence to Defendant Costco, by and through its representative Agents.

56.

Defendant Costco adopted and made use of Plaintiff's System as evidenced by its actual implementation of the System, and the resulting success of such implementation.

57.

Defendant Costco maintains possession, custody, and control of the benefit induced from and conferred by Plaintiff to the harm and detriment of Plaintiff.

58.

Defendant Costco has further expanded on its possession, custody, and control of the benefit conferred by Plaintiff in that it advanced implementation and automation of Plaintiff's System company wide, without just and equitable compensation to Plaintiff.

59.

The design, development, and of Plaintiff's System was exclusive and Defendant Costco's duty to not misuse, convert, or wrongfully appropriate the novel System pursuant to the oral agreement between Plaintiff and Defendant Costco.

60.

Plaintiff is entitled to the rights of all aspects of the System, a product of his mental labors

made prior to his employment with Costco.

61.

Defendant Costco has refused to return the benefit conferred upon them by Plaintiff, or to provide just and equitable compensation to Ronald McLeod, despite demand from Plaintiff.

62.

Plaintiff is entitled to an award of damages against and from Defendant Costco for all injuries flowing from its misappropriation and conversion in an amount to be proven at trial.

## COUNT V
## QUANTUM MERUIT

63.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 62 above as if fully set forth herein.

64.

Plaintiff's original and unique ideas, secrets, inventions, strategies, and formulas associated with the development of the System were novel and, as such, had significant financial and other value to Defendant Costco.

65.

An implied obligation existed between Plaintiff and Defendant Costco which provided that Defendant Costco would fairly compensate Plaintiff in consideration for his performance induced by the promises and representations of Defendants.

66.

At all times relevant herein, Plaintiff anticipated compensation from Defendant Costco for his efforts and performance induced by the promises and representations of Defendants.

67.

Despite benefitting from Plaintiff's System and in disregard of Plaintiff's demand for compensation and benefits upon which Plaintiff based his consideration and performance, Defendant Costco has not compensated Plaintiff.

68.

Defendant Costco has benefitted from, and has been unjustly enriched, by Plaintiff's performance induced by the promises and representations of Defendants, which conferred a direct and tangible benefit upon Defendant Costco to the harm and detriment of Plaintiff.

69.

Defendant Costco has failed and refused to return or compensate Plaintiff for the referenced benefits.

70.

As a direct and proximate result of Defendant Costco's receipt and retention of the referenced benefits, Plaintiff is entitled to restitution, which justice and equity require.

71.

Plaintiff has suffered injuries as a result of the actions of Defendant Costco and John Does 1-10 and, as such, is entitled to damages against and from Defendant Costco and John Does 1-10, in an amount to be proven at trial.

## COUNT VI
## PROMISSORY ESTOPPEL

72.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 71 above as if fully set forth herein.

73.

Plaintiff detrimentally relied on representations and promises made by Defendant Costco and John Does 1-10 that he would receive financial compensation and other benefits in exchange for his performance induced by the promises and representations of Defendants with regard to the System.

74.

At all times material hereto, Defendant Costco knew that Plaintiff relied on its representations and promises in consideration of his revealing, sharing, implementing, and teaching his System to Defendants.

75.

Defendant Costco should have reasonably expected its representations and promises to induce Plaintiff's reliance and, thereby, cause Plaintiff to disclose his original and unique ideas, secrets, inventions, strategies, and formulas associated with the use, implementation, and training of Plaintiff's System to the benefit of Defendant Costco's operations.

76.

Upon information and belief, in the course of furthering its operations, Defendant Costco has materially breached its agreement with and representations made to Plaintiff by exploiting the benefits of the misappropriated System and further implementing it in other Costco Warehouse locations (i.e., Location 743) without consent by, or compensation to, Plaintiff.

77.

In connection with its implementation of the misappropriated System in other locations, Defendant Costco has disclosed to others the original and unique ideas, secrets, inventions, strategies, and formulas novel to Plaintiff's System, in its original or in modified forms as a means

of furthering its business operations.

78.

Plaintiff has been, and continues to be, damaged as a result of Defendant Costco's breaches and, unless Defendant Costco is permanently enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

79.

Performance of Defendant Costco's promise is necessary to prevent injustice.

## COUNT VII
## PUNITIVE DAMAGES

80.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 79 above as if fully set forth herein.

81.

Defendant Costco and its Agents, John Does 1-10, have acted intentionally and exhibited such willful misconduct, malice, wantonness, oppression, and entire want of care as would raise the presumption of conscious indifference to consequences.

82.

Accordingly, and pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to recover punitive damages from Defendant Costco in an amount sufficient to deter such conduct in the future and to be determined by the enlightened conscience of the jury.

# COUNT VIII
# ATTORNEY'S FEES

83.

Plaintiff hereby incorporates, adopts and re-alleges paragraphs 1 through 82 above as if fully set forth herein.

84.

The conduct of Defendant Costco and Defendants John Does 1-10, jointly and severally, as alleged hereinabove, amounts to bad faith as that term is used in O.C.G.A. § 13-6-11.

85.

Defendant Costco has been unnecessarily and stubbornly litigious, causing Plaintiff unnecessary trouble and expense.

86.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation in the pursuit of this litigation against and from Defendant Costco and Defendants John Does 1-10,

**WHEREFORE**, Plaintiff Ronald McLeod prays for a trial on all issues and judgment against Defendants as follows:

a. That the Defendants be served with the processes required by law;

b. That the Defendants be found liable for damages sustained by the Plaintiff due to the intentional and negligent acts of Defendant;

c. That the Defendants be found liable for punitive damages;

d. That the Defendants be found liable for all court costs associated with this action and for all other costs and damages to be determined by this Honorable Court;

e. That the Plaintiff be awarded damages in such sums as this Honorable Court and

jury shall deem appropriate based on the evidence submitted at the time of trial;

f.    That all issues be tried before a jury of twelve persons; and

g.    Any and all such further relief as the Court may deem just and appropriate.

This 15th day of December, 2021.

                              Respectfully submitted,

                              **JJ Poole Attorney At Law, LLC**

                              /s/ JJ Poole, Esq.
                              JJ Poole, Esq.
                              Georgia Bar No. 372048
                              *Attorney for Plaintiff*

925B Peachtree Street NE #345
Atlanta, Georgia 30309
(678) 992-5070 Telephone
(678) 353-3211 Facsimile
Email: jj@askjjpoole.com